5
WALTER & WILHELM LAW GROUP
a Professional Corporation
Riley C. Walter #91839
8305 North Fresno Street, Ste. 410
Fresno, CA 93720
Telephone: (559) 435-9800
Facsimile: (559) 435-9868
E-mail: rileywalter@W2LG.com

Attorneys for Debtor in Possession

FILED
August 13, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002853069

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re<br><br>AREIAS BROTHERS DAIRY, INC.,<br><br>Debtor in Possession.<br><br>Tax ID #: 77-0384747<br>Address: 3621 East Mt. Whitney<br>Laton, CA 93242 | CASE NO.<br><br>Chapter 11<br><br>DC No.: WW-1<br><br>Date: August 17, 2010<br>Time: 2:00 o'clock<br>Place: 2500 Tulare Street<br>Fresno, CA 93721<br>Courtroom 11<br>Judge: Honorable Whitney Rimel |

**DECLARATION OF MICHAEL CHERNISKE AREIAS IN SUPPORT OF MOTION FOR USE OF CASH COLLATERAL**

I, Michael Cherniske, hereby declare and represent as follows:

1. The Court has general jurisdiction over this matter pursuant to 28 U.S.C. § 1334. The matter is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A)(D)(M)(O). The specific relief sought is pursuant to 11 U.S.C. § 363. The notice requirements are controlled by BR 4001(b). Objections to the Motion will be controlled by BR 9014 as a contested matter. Notice is provided pursuant to LBR 9014-1(f)(1)(ii).

2. I am the president and chief operating officer of Areias Brothers Dairy, Inc.("Debtor"). I have over 30 years experience as a dairyman. I am familiar with the Motion and budget filed in support of the Motion for Authority to Use Cash Collateral and attest to the fact that the information contained therein is true and correct.

3. By this Motion, Debtor seeks to grant secured creditors ("Secured Creditors") replacement liens as adequate protection for the use of cash collateral.

4. I make this Declaration in support of the Motion for Authority to Use Cash Collateral which I have read and reviewed. I hereby adopt each of the factual allegations in the Motion for Authority to Use Cash Collateral and incorporate them in this Declaration by reference. Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge, my review of relevant business documents, or my opinion.

5. The books and records of the Debtor in Possession are maintained by employees of the Debtor. Employees of the Debtor have the business duty to enter the records of the Debtor in Possession accurately at or near the time of the event which they record such information, by or from information transmitted by one with personal knowledge of the event or act. To the extent that information contained in the books and records is computer-generated, the computers used are generally accepted in the Debtor's industry were in good working order at all relevant times.

6. The first part of this Declaration describes the business of the Debtor in Possession and the developments that led to the filing of a Chapter 11 petition. The second part of this Declaration sets forth the relevant facts in support of the Motion for Authority to Use Cash Collateral. Defined terms used herein have the same meanings ascribed in the Motion.

7. Areias Brothers Dairy, Inc. was originally started in 1920 and moved to its current location in 1940. It has been operated by members of the Areias and Alves families for approximately 90 years. The dairy is located near Laton in Fresno County. The dairy real property is owned by the Debtor. At the present time there are 1,546 milking cows, 12 bulls, 1,326 head of young stock between three months of age up to calving. This is a closed dairy, meaning that there is extensive use of artificial insemination and that the replacements are raised by the dairy, sometimes utilizing the services of a calf ranch. The Debtor ships its milk to California Dairies, Inc. and receives milk checks on the 1st and 15th of each month. The dairy currently has 17-18 employees.

8. The requested uses of cash collateral for the Subject Period are set out on Exhibit A. This Budget was prepared by myself. It is believed to be a moderately conservative forecast.

9. In order to continue to operate and formulate a plan, the Debtor has need for use of cash collateral. The Budget prepared and attached hereto as Exhibit A sets out the amount of money needed and for what the money will be used for August 16, 2010 through August 31, 2010.

10. By operating, the Debtor believes that it will produce and generate new accounts that have a value greater than the amount of cash collateral sought to be used.

11. By virtue of the cash collateral motion, the Debtor seeks authority to use cash collateral of Secured Creditors. The Debtor seeks to use the cash collateral to provide funding needed to operate and maintain the business and to pay critical expenses. It is extremely important that the going concern value of the business be

protected. If the Debtor is unable to pay its employees' wages, it will likely lose a substantial part of its work force which will then lead to a devastating loss. It is very important there be no disruption in Debtor's operations. The cows have to be fed and milked several times per day.

12. Denial of the use of cash collateral motion would not benefit any creditor constituencies, but would cause significant harm to Debtor's business operations.

13. The Debtor requests that the Court authorize the use of cash collateral for the period of August 16, 2010 through August 31, 2010, so that it can purchase materials, pay employees, operate its business and otherwise carry on its business affairs.

14. Pursuant to Bankruptcy Code §§ 361 and 363, as adequate protection for any potential decline in value, the Debtor will provide the secured creditors with a replacement lien.

15. By this Motion, Debtor is seeking to grant replacement liens to the extent cash collateral is actually used. Debtor is unaware of any other secured creditors having liens or security interests in the subject cash collateral; however, Debtor seeks authority to use cash collateral of any such creditor, if any, provided the creditor was served with notice of this Motion. The Debtor alleges that the requested use of cash collateral is for and in the best interests of the creditors of the estate.

16. The Debtor's primary secured creditors are listed on Exhibit A attached hereto.

///

///

///

17. In order to continue to operate Debtor needs to have use of the cash collateral and will be forced to shut down if use is denied. Debtor believes the budget to be accurate and reasonable. Without use of cash collateral Debtor will be unable to pay its rent or its employees.

The above facts are within my personal knowledge and if called upon to testify at any hearing regarding this matter, I would so testify. I am over the age of 18 and I have signed this Declaration this 13th day of August, 2010 at Visalia, California.

*Michael Cherniske*
Michael Cherniske