FILED

JAN 3 1 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re

AREIAS BROTHERS DAIRY, INC.,

      Debtor.
_____/

Case No. 10-19222-A-11
DC No. SEB-2

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING THE FEE APPLICATION BY COUNSEL
FOR THE CREDITORS' COMMITTEE**

On November 24, 2010, a hearing was held on the First Interim Fee Application of Blakeley & Blakeley LLP ("Blakeley"), as attorneys for the Official Committee of Unsecured Creditors (the "Committee"). The interim application seeks allowance and compensation of fees and expenses from August 27, 2010, through October 7, 2010, in the amount of $60,050.50 (fees) and $541.46 (expenses), for a total amount of $60,591.96. An objection to the application was filed by John L. Areias, Jr., Patricia Areias, Richard M. Alves, and Mary Alves. Following the hearing, the court took the matter under submissions. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A).

This interim fee application is governed by Bankruptcy Code § 331. Section 331 allows professional persons employed under § 327 to apply to the court for compensation during the pendency of the case so that they do not have to wait for a final fee application to receive any payment. The limited purpose of § 331 "is to provide financial relief to court-appointed officers engaged in protracted bankruptcy litigation, so that these officers do not have to wait for what may be years before receiving compensation." In re Strand, 375 F.3d 854, 858 (9th Cir. 2004). All awards of interim compensation are tentative and thus may be reviewed at the end of a case. Id.

> "Interim awards are discretionary and interlocutory in nature, and as such are always subject to the court's reexamination and adjustment during the course of the case. Thus, while interim fee awards are generally governed by the same criteria which are used for making final awards, there is authority that an interim fee allowance can be made upon a determination of 'general reasonableness' or a 'surface determination of a reasonable fee,' rather than a strict determination of all reasonable fee factors necessary to be made in conjunction with a final fee award."

9 Am. Jur. 2d Bankruptcy § 271 (November 2010)(footnotes omitted).

The interim application seeks allowance of compensation for a six week period. During that six weeks, counsel for the Committee charged fees of $60,050.50. Attorneys and paralegals at Blakeley spent 218.2 hours incurring those fees, and thus, the blended hourly rate was $275.20 per hour. During this time, Blakeley was billing slightly over $10,000 per week.

In the case, the debtor is represented by Walter & Wilhelm Law Group ("Walter & Wilhelm"). That firm has incurred fees as follows:

| Date | Amount of Fees | Blended Hourly Rate |
|---|---|---|
| 8/12 - 9/13 | $36,808.00 | $281.00 |
| 9/14 - 10/13 | $37,953.90 | $372.50 |
| 10/14 - 11/13 | $21,739.50 | $372.50 |
| 11/14 - 12/13 | $15,131.00 | $301.66 |

The debtor's counsel's first two fee applications encompassed August 12 through October 13, a total of nine weeks. During that nine weeks, attorneys for the debtor incurred fees in the amount of $74,761.90. This represents about $8,306 a week.

Now, of course, neither the fees of Blakeley nor the fees of Walter & Wilhelm were evenly spread out through each week of their respective fee applications. Nonetheless, comparing their blended hourly rates and the amount of fees they each incurred during a roughly similar time period is instructive in determining the amount that should be awarded as interim compensation to Blakeley.

During a roughly similar time period, counsel for the Committee was incurring fees at a somewhat faster clip than was counsel for the debtor. The difference is almost $2,000 per week. There is, however, little difference in the blended hourly rate between the two firms.

The court has also reviewed the narrative of services that is part of the fee application of Blakeley. In the narrative, Blakeley indicates that it spent $10,944.50 in fees on the motions to use cash collateral and $20,024.50 in fees on analysis of secured claims. Additionally, significant amounts were spent in asset analysis/recovery ($5,234); asset disposition

3

($7,273.50); and case administration ($8,055).  Additionally, the court must take into consideration the fact that Committee's counsel was faced with quickly getting up to speed on a case with which it was totally unfamiliar.  At the same time, Walter & Wilhelm had filed the chapter 11 case in the first place and began the case with some knowledge of the debtor's financial situation.  Importantly, however, in this case during this time frame, the role of debtor's counsel was more proactive, filing and presenting numerous motions and negotiating with several key creditors.  The role of Committee counsel was far more limited in that the Committee was generally responding to actions rather than initiating them.

Taking all of the above mitigating factors into account, it appears to the court that an allowance of fees as *interim compensation* in the full amount requested is not warranted.  It may be that on a final fee application, the entire amount requested will be allowed.  However, at this juncture of the case, given that counsel for the Committee incurred fees at a greater rate than did counsel for the debtor, while its role was inherently more limited, the court will allow the fees as interim compensation in the amount of $40,000.  The court will allow the entire amount of expense requested as interim compensation in the amount of $541.46.  Thus, the amount of interim compensation allowed under § 331 pursuant to this application is $40,541.46.  The court will issue a separate order in this regard.

DATED: 1/31/11

WHITNEY RIMEL, Judge
United States Bankruptcy Court

4